UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dylan John Earick,

              Plaintiff,

v.

Elizabeth Kelly,

              Defendant.

_____/

Case No. 21-cv-11538

Judith E. Levy
United States District Judge

Magistrate Judge David R. Grand

**OPINION AND ORDER DISMISSING COMPLAINT [1]**

Dylan John Earick is a pretrial detainee who, at the time of his complaint, was confined at the Genesee County Jail. He has filed a pro se complaint under 42 U.S.C. § 1983. Plaintiff names a single defendant, Genesee County Circuit Court Judge Elizabeth Kelly, and claims that she violated his right of access to the courts, right to due process, and right to equal protection. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. 28 U.S.C. § 1915(a)(1).

**I. Standard**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to, on its own, dismiss an *in forma pauperis* complaint before

service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court also must dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). This rule is intended to give a defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Detailed factual allegations are not required but Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978).

## II. Discussion

Plaintiff's claims against Judge Kelly arise from actions taken in her judicial capacity and, therefore, she is entitled to absolute immunity.

Judges are entitled to absolute judicial immunity on claims for damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam). The 1996 amendments to § 1983 extended absolute immunity for state judicial personnel to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity). Determining if an action is "judicial" depends on the "'nature of the act itself, *i.e.*, whether it is a function normally performed by a judge,'" and "'the expectations of the

3

parties, *i.e.*, whether they dealt with the judge in [the judge's] judicial capacity.'" *Mireles*, 502 U.S. at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of [the judge's] authority"; if that were the case, then "any mistake of a judge in excess of [the judge's] authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.* at 12. A judge is not immune, however, under two circumstances: (1) "for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" or (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12 (citations omitted). Plaintiff does not allege that Judge Kelly's actions fell within either of these exceptions and does not allege facts to support a finding that either exception applies.

Plaintiff's claims against Judge Kelly arise from her actions, or inactions, related to Plaintiff's state criminal proceeding. Plaintiff asserts that, beginning in December 2020, he filed multiple motions which Judge Kelly had yet to decide. Plaintiff maintains that this delay essentially denied him his right of access to the courts, and violated his rights to due process and equal protection. But control of the docket is a "paradigmatic

4

judicial act[]." *Kipen*, 57 F. App'x at 692. *See also Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985) ("[D]eciding when to decide a case, no less than deciding the case itself, is a judicial act for which a judge is absolutely immune."). Judge Kelly's actions were judicial in nature and she is entitled to absolute judicial immunity.

## III. Order

For the reasons discussed, the complaint is dismissed.

If Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: January 17, 2023         s/Judith E. Levy
   Ann Arbor, Michigan          JUDITH E. LEVY
                                United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 17, 2023.

                                s/William Barkholz
                                WILLIAM BARKHOLZ
                                Case Manager